# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| CLEAR GUIDE HOLDING, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. __ ____ |
| ZINGCORE HOLDING, LLC, WILLIAM B. DAHLQUIST, and DAVID DUEL, | ) |
| Defendants. | ) |

## COMPLAINT

For its Complaint, plaintiff Clear Guide Holding, LLC, states:

### The Parties

1. Plaintiff Clear Guide Holding, LLC is a limited liability company organized on or about March 4, 2019, in the state of Delaware.

2. Mr. Bruce Dahlquist is the Manager and sole member of Clear Guide Holding, LLC. Mr. Dahlquist is a citizen of and resides in the state of Kansas.

3. Defendant Zingcore Holding, LLC is a limited liability company formed on or about February 10, 2019, in the state of Delaware. In April 2020, Zingcore Holding, LLC was registered to do business in the state of California as a foreign limited liability company.

4. Defendant David Duel is Zingcore Holding, LLC's registered agent in the state of California and may be served with process at 9744 Wilshire Boulevard, Suite 305, Beverly Hills, California.

5. Defendant David Duel is a manager and member of Zingcore Holding, LLC. Upon information and belief, Mr. Duel is a citizen of and resides in the state of California.

6. Defendant William B. Dahlquist is a manager and member of Zingcore Holding, LLC. Upon information and belief, Mr. William B. Dahlquist is a citizen of and resides in the state of California.

## Jurisdiction and Venue

7. Zingcore Holding, LLC is a citizen of the state of California because each of its members—Messrs. Duel and William B. Dahlquist—are citizens of California.

8. Clear Guide Holding, LLC is a citizen of Kansas because its sole member—Mr. Bruce Dahlquist—is a citizen of Kansas.

9. Pursuant to 28 U.S.C. § 1332(a)(1), the Court has original jurisdiction of this action because the matter in controversy exceeds $75,000 exclusive of costs and interest, and is between citizens of different States.

10. Venue is proper in the District of Kansas because a substantial part of the events and transactions giving rise to plaintiff's claims occurred in Kansas. 28 U.S.C. § 1391(b)(2).

## Facts Common to All Claims

11. Bruce Dahlquist organized Clear Guide Holding, LLC in 2019 to found an insurance agency to sell health insurance products in Kansas and elsewhere.

12. On or about April 3, 2019, Bruce Dahlquist, acting as an authorized agent for Clear Guide Holding, LLC, organized Medicare Advisors 365, LLC as a Delaware limited liability company domiciled in Kansas. At that time Medicare Advisors 365, LLC was a wholly owned subsidiary of Clear Guide Holding, LLC.

13. Bruce Dahlquist formed Medicare Advisors 365, LLC as an entity to sell Medicare supplemental health insurance policies.

14. Kansas-domiciled business entities, such as Clear Guide Holding, LLC and Medicare Advisors 365, LLC, which act as insurance agents and hold a direct agency appointment from an insurance company or companies, are required to obtain a resident insurance agency license from the Kansas Department of Insurance.

15. To meet this requirement, Bruce Dahlquist became licensed by the Kansas Insurance Department to sell health insurance policies in Kansas and was the Designated Responsible Licensed Producer ("DRLP") for Medicare Advisors 365, LLC.

16. Aside from his business purpose in establishing Clear Guide Holding, LLC and Medicare Advisors 365, LLC, Bruce Dahlquist intended the companies to provide his son, William B. Dahlquist, with a career opportunity.

17. Although William B. Dahlquist had previous experience selling Medicare supplemental insurance policies, at the time his father formed Clear Guide Holding, LLC and Medicare Advisors 365, LLC, he (William) was contractually prohibited from selling such policies by a non-compete agreement with a former employer.

18. Bruce Dahlquist intended to make his son, William B. Dahlquist, an equal ownership member of both Clear Guide Holding, LLC and Medicare Advisors 365, LLC, once the non-compete period had expired.

19. Instead, and after several months of selling Medicare related insurance policies, William B. Dahlquist and his new business partner, David Duel, decided to buy Medicare Advisors 365, LLC and move the business to California.

20. Upon information and belief Zingcore Holding, LLC, is selling health insurance policies in Kansas, either directly or through Medicare Advisors 365, LLC.

21. Upon information and belief, in March 2020 David Duel registered Zingcore Holding, LLC to do business in the state of California as a foreign limited liability company.

**The Buy/Sell Transaction**

22. On or about February 24, 2020, Clear Guide Holding, LLC and Zingcore, LLC executed an Interest Purchase and Sale Agreement (the "Agreement') in which Clear Guide Holding, LLC agreed to sell and Zingcore, Inc. agreed to buy one hundred percent of Clear Guide Holding, LLC's interest in Medicare Advisors 365, LLC. A true and correct copy of the Agreement is attached to the Complaint as Exhibit A.

23. Upon information and belief, Zingcore, LLC and Zingcore Holding, LLC are one and the same entity. According to on-line information available from the Delaware Secretary of State, Zingcore Holding, LLC was formed on February 7, 2020, just a few days before the Agreement was signed.

24. As consideration for the Agreement, Zingcore Holding, LLC agreed to pay Clear Guide Holding, LLC the purchase price of $219,953.57. Of that sum, $146,982.67 was due and payable at or immediately after closing the transaction. *See* Ex. A.

25. To secure the balance due to Clear Guide Holding, LLC under the Agreement, William B. Dahlquist and David Duel, on or about February 24, 2020, signed a Guaranteed Promissory Note (the "Promissory Note") in which they each agreed to guarantee Zingcore Holding LLC's remaining obligation to Clear Guide Holding, LLC of $72,970.90, amortized at a nominal interest rate of 1.60%, over nine (9) monthly payments of $8,227.54, totaling

$74,047.86. A true and correct copy of the Promissory Note is attached to the Complaint as Exhibit B.

26. The parties agreed that Kansas law governs the Promissory Note. To make a smooth transition and in good faith, Bruce Dahlquist continued to act as the Designated Responsible Licensed Producer (DRLP) without benefits or compensation and also encountered additional miscellaneous expenses from vendors without reimbursement from Zingcore Holding LLC.

27. The parties agreed further that in the event of a default, William B. Dahlquist, David Duel, and each of them would be obligated to pay all of Clear Guide Holding ,LLC's costs of collection, including reasonable attorneys' fees. *See* Ex. B.

28. In addition, the parties agreed that in the event of a default, Zingcore Holding, LLC, William B. Dahlquist, David Duel, and each of them would be obligated to pay interest to Clear Guide Holding, LLC at the rate of the lesser of eight percent (8%) per annum or the maximum rate allowed by law on the principal balance due. *See* Ex. B.

29. To further secure the balance due to Clear Guide Holding, LLC under the Agreement and the Promissory Note, William B. Dahlquist and David Duel, on or about February 24, 2020, signed a Pledge and Security Agreement (the "Security Agreement") on behalf of Zingcore Holding, LLC.

30. Under the terms of the Security Agreement, Zingcore Holding, LLC pledged its membership interest in Medicare Advisors 365, LLC, and Medicare Advisors 365, LLC conveyed to Clear Guide Holding, LLC a security interest in all of its assets to secure the remaining obligation to Clear Guide Holding, LLC of $74,074.86. A true and correct copy of the Security Agreement is attached to the Complaint as Exhibit C.

31. On March 3, 2021, Clear Guide Holding, LLC provided written notice of default to William B. Dahlquist, Mr. Dahlquist's legal counsel, and David Duel.

32. The 15-day cure period specified in the Promissory Note elapsed without any action taken by Zingcore Holding, LLC, William B. Dahlquist, or David Duel to cure the default.

33. Zingcore Holding, LLC has failed, neglected, and refused to make payments to Clear Guide Holding, LLC due under the terms of the Agreement.

34. William B. Dahlquist has failed, neglected, and refused to make payments to Clear Guide Holding, LLC due under the terms of the Promissory Note.

35. David Duel has failed, neglected, and refused to make payments to Clear Guide Holding, LLC due under the terms of the Promissory Note.

### Count I – Breach of Contract by Zingcore Holding, LLC

36. Clear Guide Holding, LLC incorporates by reference each of its allegations in paragraphs 1 through 35 of this Complaint.

37. The Agreement, the Promissory Note, and the Security Agreement each and together form an enforceable, written contract between Clear Guide Holding, LLC and Zingcore Holding, LLC for the purchase and sale of Medicare Advisors 365, LLC.

38. Under the terms of the Agreement, both William B. Dahlquist and David Duel, acting on behalf of Zingcore Holding, acknowledged in writing that the Agreement was supported by adequate consideration to bind Zingcore Holding, LLC to an enforceable contract with Clear Guide Holding, LLC.

39. Under the terms of the Promissory Note, both William B. Dahlquist and David Deal acknowledged in writing that the Promissory Note was given in partial consideration for Zingcore Holding LLC's purchase of Medicare Advisors 365, LLC.

40. The initial payment made by Zingcore Holding, LLC at closing and the schedule of payments reflected in the Promissory Note are adequate consideration to support a contract between the parties.

41. By transferring its entire interest in Medicare Advisors 365, LLC to Zingcore Holding, LLC, Clear Guide Holding, LLC fully performed under the terms of the Agreement.

42. Zingcore Holding, LLC breached its contract with Clear Guide Holding, LLC, by, among other things, failing, neglecting, and refusing to pay the balance due on the transaction as reflected in the Promissory Note.

43. Clear Guideline Holding, LLC has sustained damages as a result of Zingcore Holding LLC's breach of the Agreement.

WHERFORE Clear Guide Holding, LLC seeks judgment for breach of contract against Zingcore Holding, LLC in the amount of $74,074.86, for interest on that amount at the rate of the lesser of eight percent (8%) per annum or the maximum rate allowed by law, for Clear Guide Holding LLC's costs of collection, including reasonable attorneys' fees, and such other relief as the Court deems just and appropriate.

### Count II – Breach of Contract by William B. Dahlquist

44. Clear Guide Holding, LLC incorporates by reference each of its allegations in paragraphs 1 through 43 of this Complaint.

45. The Agreement, the Promissory Note, and the Security Agreement each and together form an enforceable, written contract between Clear Guide Holding, LLC and William B. Dahlquist for the purchase and sale of Medicare Advisors 365, LLC.

46. Under the terms of the Agreement, William B. Dahlquist, acting on behalf of ZingcoreHolding, LLC, acknowledged in writing that the Agreement was supported by adequate consideration to bind him to an enforceable contract with Clear Guide Holding, LLC.

47. Under the terms of the Promissory Note, William B. Dahlquist acknowledged in writing that the Promissory Note was given in partial consideration for Zingcore Holding, LLC's purchase of Medicare Advisors 365, LLC.

48. The initial payment made by Zingcore Holding, LLC at closing and the schedule of payments reflected in the Promissory Note are adequate consideration to support a contract between Clear Guide Holding, LLC and William B. Dahlquist.

49. By transferring its entire interest in Medicare Advisors 365, LLC to Zingcore Holding, LLC, Clear Guide Holding, LLC fully performed under the terms of the Agreement.

50. William B. Dahlquist breached his contract with Clear Guide Holding, LLC, by, among other things, failing, neglecting, and refusing to pay the balance due on the transaction as reflected in the Promissory Note.

51. Clear Guide Holding, LLC has sustained damages as a result of William B. Dahlquist's breach of the Agreement.

WHERFORE Clear Guide Holding seeks judgment for breach of contract against William B. Dahlquist in the amount of $74,074.86, for interest on that amount at the rate of the lesser of eight percent (8%) per annum or the maximum rate allowed by law, for Clear Guide Holding, LLC's costs of collection, including reasonable attorneys' fees, and such other relief as the Court deems just and appropriate.

**Count III – Breach of Contract by David Duel**

52. Clear Guide Holding, LLC incorporates by reference each of its allegations in paragraphs 1 through 51 of this Complaint.

53. The Agreement, the Promissory Note, and the Security Agreement each and together form an enforceable, written contract between Clear Guide Holding, LLC and David Duel for the purchase and sale of Medicare Advisors 365, LLC.

54. Under the terms of the Agreement, David Duel, acting on behalf of Zingcore Holding, LLC, acknowledged in writing that the Agreement was supported by adequate consideration to bind him to an enforceable contract with Clear Guide Holding, LLC.

55. Under the terms of the Promissory Note, David Duel acknowledged in writing that the Promissory Note was given in partial consideration for Zingcore Holding LLC's purchase of Medicare Advisors 365, LLC.

56. The initial payment made by Zingcore Holding, LLC at closing and the schedule of payments reflected in the Promissory Note are adequate consideration to support a contract between Clear Guide Holding, LLC and David Duel.

57. By transferring its entire interest in Medicare Advisors 365, LLC to Zingcore Holding, LLC, Clear Guide Holding, LLC fully performed under the terms of the Agreement.

58. David Duel breached his contract with Clear Guide Holding, LLC, by, among other things, failing, neglecting, and refusing to pay the balance due on the transaction as reflected in the Promissory Note.

59. Clear Guideline Holding, LLC has sustained damages as a result of David Duel's breach of the Agreement.

WHERFORE Clear Guide Holding, LLC seeks judgment for breach of contract against David Duel in the amount of $74,074.86, for interest on that amount at the rate of the lesser of eight percent (8%) per annum or the maximum rate allowed by law, for Clear Guide Holding, LLC's costs of collection, including reasonable attorneys' fees, and such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Clear Guide Holding, LLC demands a trial by jury.

Respectfully submitted,

**SPENCER FANE LLP**

/s/ John C. Nettels
John C. Nettels (Ks. 12383)
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Tel: (816) 474-8100
Fax: (816) 474-3216
Email: jnettels@spencerfane.com

*Attorneys for Clear Guide Holding, LLC*